

**NUMBER 13-15-00108-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

V. BELAFONTE FRIAR,                                                                Appellant,

v.

CHRISTOPHER BLASCHKE, INDEPENDENT
EXECUTOR OF THE ESTATE OF MARY ANNA
MAJEFSKI WINDELMANN, DECEASED,                                    Appellee.

**On appeal from the County Court
of DeWitt County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam**

Appellant, V. Belafonte Friar, attempted to perfect an appeal from a judgment

entered by the County Court of DeWitt County, Texas, in cause number 11347A.

The trial court entered a final judgment in this cause on December 2, 2014. A motion for new trial was filed on January 12, 2015, and notice of appeal was filed on March 4, 2015.

On March 6, 2015, the Clerk of this Court notified appellant that it appeared that the notice of appeal was late. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.* Appellant's deadline for filing the motion for new trial was January 2, 2015.[1] The motion for new trial was untimely because it was filed on January 12, 2015.[2] Accordingly, appellant's notice of appeal was due to have been filed on or before January 2, 2015. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of

---

[1] The thirtieth day after December 2, 2014, fell on January 1, 2015 which was New Year's Day. As per TEX. R. APP. P. 4.1(a), the deadline for filing the notice of appeal was extended to Friday, January 2, 2015.

[2] Even if appellant's motion for new trial had been timely filed, the appeal would be untimely as the notice of appeal was filed more than ninety days after the date the judgment was signed.

jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
9th day of April, 2015.